NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------X

YELENA DAVYDOVA,

            Plaintiff,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

            Defendant.

------------------------------------X

**MEMORANDUM AND ORDER**
04-CV-4145 (ERK)

Korman, Ch. J.

    Plaintiff, alleging that she was disabled as of April 1, 2000, applied for SSI benefits on January 22, 2002. On April 12, 2002, the Social Security Administration, upon concluding that plaintiff was not disabled or blind under the relevant rules, denied her application for benefits at the initial determination level.

    In a document entitled "Notice of Disapproved Claim," the Administration informed plaintiff that she had 60 days in which to request a hearing to review the denial. Plaintiff was further instructed that she was entitled to receive assistance in pursuing review. On April 24, 2002, plaintiff filed a request for hearing before an Administrative Law Judge. Declaration of Yvonne K. Speights ("Speights Decl."), exhibit 2. Additionally, in a letter dated April 24, 2002, Mr. Alla Stekolchik informed the Social Security Administration that he had been retained to represent plaintiff. Plaintiff submitted a form entitled "Appointment of Representative and Acceptance of Appointment" identifying Mr. Stekolchik as her representative. Speights Decl., exhibit 3.

In a letter dated July 8, 2002, the Social Security Administration informed Mr. Stekolchik that plaintiff's request for a hearing before an Administrative Law Judge had been received. The letter explained the hearing process and stated that a "Notice of Hearing" detailing the specific time and date of the hearing would be mailed to both Mr. Stekolchik and plaintiff at a minimum of twenty days before the scheduled hearing date. Speights Decl., exhibit 4.

On January 30, 2004, the Office of Hearings and Appeals sent a "Notice of Hearing" to plaintiff informing her that a hearing had been scheduled for February, 25, 2004. The notice stated that failure to appear, absent a showing of good cause, might result in a dismissal of plaintiff's hearing request. Plaintiff was informed that she should promptly inform the Office of Hearings and Appeals should she be unable to attend the hearing. Plaintiff was instructed to complete an enclosed "Acknowledgement of Receipt" form in order to certify her receipt of the hearing notification and indicate her intention to attend. Speights Decl., exhibit 5. Apparently, plaintiff failed to complete the Acknowledgment form, id., and plaintiff did not attend the February 25, 2004 hearing. Memorandum of Law in Support of the Commissioner's Motion to Dismiss at 1.

On March 26, 2004, the Office of Hearings and Appeals sent plaintiff, via certified mail, a "Notice to Show Cause for Failure to Appear," which was returned by the postal service marked "unclaimed." The unclaimed document stated that plaintiff had failed to appear at the hearing before the Administrative Law Judge and had not provided an explanation for her absence. However, the notice also stated that on February 25, 2004, the date of the hearing, plaintiff's friend Ms. Svetlana Ilayed telephoned the Social Security Administration and stated

that plaintiff was suffering from illness and had gone to the hospital. The notice went on to inform plaintiff that in order to obtain a rescheduled hearing date and avoid dismissal of her hearing request, she should submit a written statement no later than April 5, 2004 evidencing good cause for her absence. Speights Decl., exhibit 6.

On May 20, 2004, the Office of Hearings and Appeals sent plaintiff a document entitled "Notice of Dismissal" and an "Order of Dismissal," dismissing plaintiff's hearing request and reinstating the original determination date of April 12, 2002. The Order of Dismissal explained that an Administrative Law Judge may dismiss a claimant's request for hearing when neither claimant nor claimant's representative appears at the time and place set for the hearing and the claimant fails to provide a valid reason for her absence within 10 days after the Administrative Law Judge mails the claimant a notice requesting an explanation. The order briefly summarized the relevant facts before concluding that plaintiff had failed to establish a good reason for her absence at the hearing. Specifically, the Order of Dismissal stated that a hearing reporter had called plaintiff's residence on the scheduled hearing date and was informed by Ms. Svetlana Ilayed, plaintiff's friend, that plaintiff would not be attending the hearing because she was suffering from illness and had gone to the hospital. The Order of Dismissal noted that plaintiff had neglected to correspond with the hearing office following her failure to appear. The Order of Dismissal further stated that a "Notice to Show Cause for Failure to Appear" had been mailed to plaintiff via certified mail on March 26, 2004, but had been returned by the postal service marked "unclaimed." The Notice of Dismissal included with the Order of Dismissal informed plaintiff that she was entitled to file an appeal, within 60 days, requesting that the Appeals Council review and vacate the dismissal. Speights Decl., exhibit 7.

Plaintiff filed a request for review with the Appeals Council on June 9, 2004, well within the allotted sixty day period. Along with her request, plaintiff submitted a letter which explained that her absence at the scheduled hearing was the result of illness. Plaintiff maintained that she had informed the Hearing Office of her illness and had submitted documents provided by her treating physician in order to verify that she had indeed been sick. In the letter to the Appeals Council plaintiff asserted that she was told she would receive a rescheduled hearing date, but had nevertheless subsequently received the Notice of Dismissal instead. Speights Decl., exhibit 8.

On August 24, 2004, the Appeals Council denied plaintiff's request for review of the Administrative Law Judge's dismissal. The "Notice of Appeals Council Action" provided to plaintiff stated that the Appeals Council "considered the reasons you disagree with the dismissal. We found that this information does not provide a basis for changing the Administrative Law Judge's dismissal." Speights Decl., exhibit 9.

On September 9, 2004, plaintiff instituted the present action. The Commissioner of Social Security ("the Commissioner") moves to dismiss the complaint in its entirety for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## Discussion

### I. The District Court has Subject Matter Jurisdiction

Judicial review is available in prescribed circumstances for persons seeking review of an administrative decision made in regard to an application for Social Security benefits. An individual, "after any final decision of the Commissioner made after a hearing to which he was a party...may obtain a review of such decision by a civil action commenced within sixty days after

the mailing to him of notice of such decision or within such further time as the Commissioner may allow." 42 U.S.C. §405(g).

Relying on Section 405(g), defendant asserts that the prerequisite for subject matter jurisdiction set forth in that statute is lacking, because plaintiff did not exhaust her administrative remedies, since she failed to obtain a final decision of the Commissioner after a hearing in regard to her application for benefits. Memorandum of Law in Support of Commissioner's Motion to Dismiss, 6. While defendant is accurate in concluding that there has been no final decision regarding plaintiff's entitlement to SSI benefits, this observation does not compel the conclusion that I lack jurisdiction to examine a final decision of the Commissioner denying benefits exclusively on the grounds of procedural default. See Bellatoni v. Schweiker, 566 F. Supp. 313, 315 (E.D.N.Y., 1983).

In Bellatoni, plaintiff's deceased husband had made an application for benefits which was denied after a hearing before an Administrative Law Judge. The Administrative Law Judge's dismissal was mailed to plaintiff, along with a notice stating that there existed a sixty-day window within in which one is permitted to request review by the Appeals Council. Two days after the expiration of the sixty-day period, plaintiff filed a request for review, asserting that the notice denying her husband's claim had never been received. The Appeals Council nevertheless issued an order of dismissal. Id. at 314. Plaintiff brought suit challenging the dismissal, and the Government argued that because there had been no "final decision" on the merits of the disability claim, the federal courts lacked the jurisdictional prerequisite required for judicial review. Id. at 315. Rejecting the Secretary's position, Judge Glasser wrote:

> Although it may be argued that there is no reviewable "final decision"
> of the Secretary [of Health and Human Services] on the ultimate issue

> of disability without a timely request for Appeals Council review, it is
> quite another matter to suggest that the district court has no jurisdiction
> to review a decision of the Secretary finally denying an application for
> benefits solely on the basis of a procedural default....Accordingly, I find
> that while there is as yet no reviewable final decision of the Secretary on
> the issue of the claimant's disability, there is at this time a final decision
> of the Secretary on the question of whether the plaintiff's request for
> Appeals Council review was timely. This decision is reviewable under
> 42 U.S.C. § 405(g), since it represents a final decision of the Secretary on
> this issue.

Id. (citation omitted). The matter sub judice presents similar circumstances. While there is presently no reviewable final decision pertaining to the issue of plaintiff's alleged disability, there has indeed been a final decision of the Commissioner regarding the question of whether plaintiff demonstrated good cause for her failure to appear before the Administrative Law Judge on the scheduled hearing date.

Moreover, the position advocated by the Commissioner would grant the Social Security Administration "unfettered discretion to arbitrarily deny claims regardless of the asserted justification for the default at issue." Id; see also Beckham v. Schweiker, 557 F. Supp. 137, 140 (W.D. Ohio, 1982) (holding that where plaintiff, believing he was required to obtain representation, failed to appear at his scheduled hearing and incurred a dismissal which was affirmed by the Appeals Council, the district court had jurisdiction because to hold otherwise would grant defendant "the power to deny a person a hearing, for whatever reason, and that person would not be entitled to any judicial review of the denial"). Indeed, the present dispute seems to highlight the necessity for judicial review of a final decision predicated solely upon a procedural default in order to avoid arbitrary and capricious administrative action, because the Notice of Appeals Council Action denying plaintiff's request for review here contains only the brief conclusory statement "We found that this information [provided by plaintiff in explaining

her absence] does not provide a basis for changing the Administrative Law Judge's dismissal." Moreover, because one's interest in disability benefits is protected by the Due Process Clause, Richardson v. Belchler, 404 U.S. 78, 81 (1971), the position espoused by defendant in the present dispute raises "serious constitutional questions." Bellatoni, 566 F. Supp at 315.

As a final matter, the requirement that the claimant first exhaust the administrative process before seeking judicial review is intended, at least in great part, to prevent "premature interference with agency processes." Weinberger v. Salfi, 422 U.S. 749, 765 (1975); see also McKart v. United States, 395 U.S. 185, 195 (stating that "notions of administrative autonomy require that the agency be given a chance to correct its own errors"). Such concerns, while valid, are not implicated in the present dispute. Plaintiff pursued her claim through the appropriate administrative channels in accordance with regulations promulgated by the Social Security Administration. Having incurred a dismissal by the Administrative Law Judge, plaintiff acted diligently in requesting a review by the Appeals Council. Speights Decl., exhibit 8. It was only after the Appeals Council denied plaintiff's request, thereby effectively foreclosing any possibility for administrative redress, that plaintiff sought judicial review. Thus, a finding of subject matter jurisdiction in regard to the present dispute would not have the undesirable effect of undermining the administrative process through premature and unnecessary judicial intervention.

II. Plaintiff had Good Cause for her Absence

Analysis of the record suggests that plaintiff indeed had good cause for her absence, and that she properly communicated it. In a letter to the Appeals Council dated June 7, 2004, plaintiff stated that she was not present on the scheduled hearing date because of sickness.

Speights Decl., exhibit 8. The letter states that the Hearing Office was advised of plaintiff's infirmity and was also provided with documents, submitted by her treating physician, which verified plaintiff's assertion that she was suffering from illness. Speights Decl., exhibit 8. Confirming plaintiff's assertion to the Appeals Council that the Hearing Office had been informed of her illness, "The Notice to Show Cause For Failure to Appear," dated March 26, 2004 and issued in response to plaintiff's absence, explicitly states that "[o]n 2-25-04 Svetlana Ilayed, a friend of Yelena Davydova, called to say that claimant was sick and that she went to the hospital." Speights Decl., exhibit 6. Additionally, in opposition to defendant's motion to dismiss, plaintiff provided a document entitled "Medical Evaluation: Psychiatric Impairment," prepared on February 16, 2004, a mere week and a half before the hearing, which appears to diagnose plaintiff with a depressive disorder and anxiety. Memorandum of Law in Opposition to the Commissioner's Motion For Dismissal, Attachment B. Plaintiff has also submitted a note from Dr. Dora Zaretsky documenting that Dr. Zaretsky treated plaintiff on February 25, 2004, the precise date of the hearing. Memorandum of Law in Opposition to the Commissioner's Motion For Dismissal, Attachment A. While the latter two documents were not submitted ot the Appeals Council, they confirm the information that was provided. This information provides "good cause" for plaintiff's absence.

## Conclusion

The decision of the Commissioner is reversed and the case is remanded for a hearing on plaintiff's application by an Administrative Law Judge.

Dated: Brooklyn, New York
April 26, 2005

s/Edward R. Korman
Edward R. Korman
Chief United States District Judge